**José Israel GARCIA, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 02–70103.

INS No. A70–916–529.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 9, 2002.*

Decided Sept. 20, 2002.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, we deny the Appellants' request for oral argument.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**584**

Before HUG, O'SCANNLAIN and TASHIMA, Circuit Judges.

### MEMORANDUM **

José Israel Garcia, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from an immigration judge's denial of his applications for asylum and withholding of deportation. We have jurisdiction under 8 U.S.C. § 1105a(a).[1] We review for substantial evidence and will reverse the BIA's determination only if the petitioner shows that the evidence compels such a result. *Sangha v. INS*, 103 F.3d 1482, 1487 (9th Cir.1997). We deny the petition.

The harassment Garcia allegedly received from guerillas on account of his military service was limited to vague and unfulfilled threats, and therefore does not compel a fact-finder to conclude that such treatment rose to the level of persecution. *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir.2000) (holding that threats standing alone generally do not constitute past persecution). Garcia's fear of future persecution is not objectively well-founded because he did not adduce "credible, direct, and specific evidence in the record, of facts that would support a reasonable fear of persecution." *Arriaga–Barrientos v. INS*, 937 F.2d 411, 413 (9th Cir.1991).

Because Garcia failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of deportation. *See Prasad v. INS*, 47 F.3d 336, 340 (9th Cir.1995).

### PETITION FOR REVIEW DENIED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, deportation proceedings initiated prior to April 1, 1997, for which a final order of deportation is issued after October 30, 1996, are subject to the transitional rules. *See Kalaw v. INS*, 133 F.3d 1147, 1150–51 (9th Cir.1997). Because deportation proceedings were initiated against Garcia on May 4, 1995, and a final order of deportation was issued on December 18, 2001, the transitional rules apply to his case.

